T.C. Memo. 2006-60

UNITED STATES TAX COURT

DANIEL AARON BAKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20105-04.          Filed March 29, 2006.

Daniel Aaron Baker, pro se.

<u>C. Teddy Li</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of
$3,556 in petitioner's Federal income tax (tax) for his taxable
year 2003.

The issues for decision for petitioner's taxable year 2003
are:

(1) Is petitioner entitled under section 151[1] to a dependency exemption deduction for his daughter A?  We hold that he is not.

(2) Is petitioner entitled under section 2(b) to head of household filing status?  We hold that he is not.[2]

(3) Is petitioner entitled under section 32 to the earned income tax credit?  We hold that he is not.

(4) Is petitioner entitled under section 24 to the child tax credit?  We hold that he is not.

(5) Is petitioner entitled under section 24 to the additional child tax credit?  We hold that he is not.

FINDINGS OF FACT

At the time petitioner filed the petition, his mailing address was in Dover, Delaware.

Petitioner and Deanna Wus (Ms. Wus) have a daughter A and a son C (collectively, the children).  At a time not disclosed by the record, Ms. Wus purchased a double-wide trailer (trailer) located at 153 Carnation Drive, Magnolia, Delaware.  Ms. Wus, petitioner, and the children lived in the trailer for an undisclosed period of time prior to 2003.  Sometime in 2002, Ms. Wus

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The Court's resolution of petitioner's filing status controls the amount of the standard deduction to which petitioner is entitled for his taxable year 2003.

stopped residing in the trailer, but petitioner continued to live there until around mid-February 2003.[3]  Petitioner was unable to afford the payments for the mortgage loan, ground rent, and utilities with respect to the trailer after Ms. Wus stopped residing there.

Around mid-February 2003, petitioner moved to a duplex located at 299 Barney Jenkins Road, Felton, Delaware (Barney Jenkins Road property), that a friend of his owned.  While residing at the Barney Jenkins Road property, petitioner paid his friend $300 a month and shared an undisclosed amount of utility expenses.

Sometime between the end of September or October 2003 and mid-November 2003, petitioner moved to a house located on 268 Fox Road, Dover, Delaware (Fox Road property), that his mother owned. While residing at the Fox Road property in 2003, petitioner paid his mother, who was living in Florida, $125 a week.

During 2003, petitioner, who worked as a plumber, and Ms. Wus were not married, lived in separate residences, and had no custody agreement concerning their daughter A who was four years old.

During 2003, Ms. Wus received public assistance for A's benefit from the State of Delaware, which listed Ms. Wus as the

_____

[3]There is no reliable evidence in the record establishing where the children lived after Ms. Wus stopped residing in the trailer.

custodial parent of A. During that year, Medicaid, and not petitioner, provided healthcare benefits to A. During 2003, petitioner did not apply for food stamps or any other type of public assistance for his daughter A.

During 2003, petitioner and Ms. Wus each asked Rosemary Srase (Ms. Srase) to babysit the children at Ms. Srase's home. Ms. Srase was a longtime friend of petitioner and his mother who used to babysit petitioner when he was a child. Approximately two to three times a week during 2003, Ms. Srase usually babysat the children at her home for a few hours during the evenings. Occasionally during 2003, she babysat them during the daytime and overnight on weekends. During 2003, petitioner did not pay cash to Ms. Srase for babysitting the children for him. Instead, he did work for her at her home. Most of the time during 2003 that Ms. Srase babysat the children, she provided them with some food at her own expense. At no time during 2003 before petitioner moved to the Fox Road property did Ms. Srase babysit the children at petitioner's residence or personally observe them at petitioner's residence. When petitioner moved into the Fox Road property, Ms. Srase observed the children at that property.

On at least certain days during the period January 2 through March 31, 2003, the Dover Educational & Community Daycare Center (Daycare Center) provided daycare for the children. On most, but not all, of such days, Ms. Wus brought the children to, and

petitioner picked them up from, the Daycare Center.  On certain other days during the period January 2 through March 31, 2003, Ms. Wus brought the children to, and also picked them up from, the Daycare Center.  On certain other days during that period, petitioner brought the children to, and also picked them up from, the Daycare Center.  During the period January 2 through March 31, 2003, the times at which the children were brought to the Daycare Center ranged from as early as 6:45 a.m. to as late as 4:20 p.m., and the times at which the children were picked up from that center ranged from 11:00 a.m. to 5:45 p.m.  In most instances, however, the children were brought to the Daycare Center before 9:00 a.m. and picked up from the Center between 4:30 p.m. and 5:30 p.m.  During the period January 2 through March 31, 2003, both petitioner and Ms. Wus made payments of undisclosed amounts toward the cost of the children's daycare at the Daycare Center.

Petitioner timely filed his tax return for taxable year 2003 (petitioner's 2003 return).  In petitioner's 2003 return, petitioner reported wages of $14,929, business income of $420 from Schedule C, Profit or Loss From Business, total income of $15,349, and adjusted gross income of $15,349.  In petitioner's 2003 return, petitioner claimed (1) a dependency exemption deduction for his daughter A, (2) head of household filing status, (3) the earned income tax credit, (4) the child tax

credit, and (5) the additional child tax credit.

In Ms. Wus's tax return for her taxable year 2003, Ms. Wus also claimed a dependency exemption deduction for her daughter A.

OPINION

Respondent, and not petitioner, addresses whether the burden of proof should shift to respondent under section 7491(a). Respondent argues that that burden should not shift because "Petitioner has not provided sufficient credible evidence nor maintained all required records to substantiate his claims." On the record before us, we agree with respondent. See sec. 7491(a)(1) and (a)(2)(A) and (B). We conclude that petitioner has the burden of proof with respect to each of the issues presented in this case. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Thus, petitioner has the burden of establishing that he is entitled for his taxable year 2003 to a dependency exemption deduction for his daughter A, head of household filing status, the earned income tax credit, the child tax credit, and the additional child tax credit.

In support of his position with respect to each of the issues presented in this case, petitioner relies on his own testimony, the testimony of his mother, and the testimony of Ms. Srase, a longtime family friend who used to babysit petitioner when he was a child. We found the testimony of petitioner to be in material respects conclusory, vague, self-serving, and uncor-

roborated by reliable evidence. We found the testimony of petitioner's mother to be in material respects not based upon her personal knowledge, conclusory, and serving the interests of her son petitioner. We found the testimony of Ms. Srase to be in material respects not based upon her personal knowledge, conclusory, and serving the interests of her longtime friend petitioner. We are not required to, and we shall not, rely on the testimonies of petitioner, his mother, and Ms. Srase in order to establish petitioner's position with respect to the issues presented in this case. See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Claimed Dependency Exemption Deduction

Section 151(a) permits a taxpayer to deduct an exemption amount for each dependent as defined in section 152. As pertinent here, section 152(a) defines the term "dependent" to include an individual who receives from the taxpayer over half of such individual's support for the calendar year in which the taxable year of the taxpayer begins and who is the taxpayer's daughter. Sec. 152(a)(1). As also pertinent here, if the taxpayer's daughter receives over half of her support during the calendar year from her parents who live apart at all times during the last six months of such year and if such daughter is in the custody of one or both of her parents for more than one-half of such year, the daughter will be treated for purposes of section 152(a) as

having received over half of her support during the calendar year from the parent (custodial parent) having custody for the greater portion of the calendar year. Sec. 152(e)(1). Section 152(a) also defines the term "dependent" to include an individual who, for the taxable year of the taxpayer, has as such individual's principal place of abode the home of the taxpayer and is a member of the taxpayer's household and who received (or is treated as having received under, inter alia, section 152(e)) from the taxpayer over half of such individual's support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(a)(9).

In support of his position that he is entitled for his taxable year 2003 to a dependency exemption deduction for his daughter A, petitioner contends:

> Petitioner and two other witnesses testified that * * * [A] lived with her father, the petitioner from January 2003 until November 2003, when she went to live with her mother. They also testified that the mother took * * * [A] inconsistently on week-ends for those ten months. Further testimony provided that the petitioner maintained over half of the child's support for that period. * * * [Reproduced literally.]

With respect to whether petitioner is to be treated as the custodial parent under section 152(e)(1), the record establishes that petitioner and Ms. Wus had no custody agreement with respect to either of the children for 2003. However, the State of Delaware reported to respondent that Ms. Wus, and not petitioner, was the claimed child's custodial parent. Moreover, the record

is devoid of evidence that we find to be reliable establishing that A lived with her father from January until November 2003 or that he otherwise had physical custody of A for a portion of 2003 that is greater than the portion of such year during which Ms. Wus had physical custody of A.

With respect to whether petitioner provided over one-half of A's support during 2003, petitioner must show the amount of total support incurred during that year on behalf of A from all sources, and he must establish that he provided over half of that amount. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent provided by all sources during the year in question must be shown by competent evidence. Blanco v. Commissioner, supra at 514. Where the amount of total support incurred on behalf of a child during such year is not shown, and may not reasonably be inferred from competent evidence, it is not possible to find that the taxpayer contributed more than one-half of such child's total support. Id. at 514-515; Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959).

Petitioner failed to maintain any records establishing

(1) the amount of total support incurred on behalf of A during 2003 and (2) the amount of such support that he provided to A during that year. During 2003, petitioner, who was a plumber, had total income and adjusted gross income of $15,349. Ms. Wus received public assistance from the State of Delaware for the benefit of A. Moreover, A received healthcare benefits under Medicaid, and not from petitioner. Although for the period January 2 through March 31, 2003, both petitioner and Ms. Wus made payments toward the cost of providing A's daycare, the record is devoid of evidence establishing the total amount of such payments or the amount of such payments that petitioner made. In addition, Ms. Srase, who usually babysat A approximately two to three times a week during 2003, often provided food to A at Ms. Srase's own expense. Finally, as discussed above, although petitioner claims that A lived with him during all of 2003 except November and December of that year, his claim is not supported by evidence that we consider to be reliable.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2003 to a dependency exemption deduction for his daughter A.

Claimed Head of Household Filing Status

Section 1(b) provides a special tax rate for any individual who qualifies as head of a household. As pertinent here, the

term "head of household" is defined in section 2(b) as an unmarried individual who maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode for, inter alia, a daughter. Sec. 2(b)(1)(A). An individual is considered as maintaining a household only if such individual provided over one-half of the cost of maintaining the household during the taxable year. Sec. 2(b).

We find that the record is devoid of evidence that we consider to be reliable supporting petitioner's position that during his taxable year 2003 he maintained as his home a household that constituted the principal place of abode, as a member of such household, of his daughter A for more than one-half of that year.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2003 to head of household filing status.

Claimed Earned Income Tax Credit

Section 32(a)(1) permits an eligible individual an earned income credit against such individual's tax liability. The earned income tax credit is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Section 32(a)(2) limits the credit allowed. Section 32(b) prescribes different percentages and amounts that are to be used to calculate the credit depending on whether the eligible individual has no

qualifying children, one qualifying child, or two or more quali-
fying children.

As pertinent here, section 32(c)(1)(A)(i) defines the term
"eligible individual" to mean "any individual who has a qualify-
ing child for the taxable year". The term "qualifying child"
with respect to any taxpayer for any taxable year includes a
daughter of the taxpayer who has the "same principal place of
abode as the taxpayer for more than one-half of such taxable
year". Sec. 32(c)(3)(A)(i) and (ii) and (B)(i)(I).

It is petitioner's position that his daughter A is a quali-
fying child for purposes of the earned income tax credit because
she had the same principal place of abode as petitioner for more
than one-half of his taxable year 2003. We found above that
petitioner failed to show that for his taxable year 2003 he
maintained as his home a household that constituted the principal
place of abode, as a member of such household, of his daughter A
for more than one-half of that year. On the record before us, we
find that petitioner has failed to carry his burden of showing
that for his taxable year 2003 A is a qualifying child for
purposes of the earned income tax credit.[4]

---

[4]Petitioner does not claim that he is entitled to the earned
income tax credit under sec. 32(c)(1)(A)(ii). That section
provides that a taxpayer with no qualifying child may nonetheless
be eligible for the earned income tax credit, subject to the
phase out limitations of sec. 32(a)(2), provided that the re-
quirements of sec. 32(c)(1)(A)(ii) are satisfied. For taxable
(continued...)

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2003 to the earned income tax credit.

Claimed Child Tax Credit

Section 24(a) allows a tax credit of a specified amount with respect to each qualifying child of a taxpayer. The amount of the credit allowable under section 24(a) is limited by the taxpayer's adjusted gross income and may not exceed a taxpayer's regular tax liability. Sec. 24(b). As pertinent here, for purposes of section 24, the term "qualifying child" means a taxpayer's daughter for whom the taxpayer is entitled under section 151 to a dependency exemption deduction and who has not attained the age of 17 as of the close of the taxable year. Sec. 24(c)(1).

We found above that petitioner failed to show that he is entitled for his taxable year 2003 to a dependency exemption deduction for his daughter A. On the record before us, we find that petitioner has failed to carry his burden of showing that for his taxable year 2003 A is a qualifying child for purposes of the child tax credit.

---

[4](...continued)
year 2003, the earned income tax credit is completely phased out if the individual who has no qualifying children and who is not married filing jointly has adjusted gross income that equals or exceeds $11,230. See sec. 32(b)(1)(A) and (2); Rev. Proc. 2002-70, 2002-2 C.B. 845, 847-848. The parties agree that petitioner has adjusted gross income of $15,349 for his taxable year 2003.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2003 to the child tax credit.

## Claimed Additional Child Tax Credit

Where a taxpayer is eligible for a child tax credit, but such taxpayer's regular tax liability is less than the amount of the child tax credit potentially available to such taxpayer, the taxpayer will be entitled to a refundable credit known as an additional child tax credit if certain requirements are met. Sec. 24(d).  We found above that petitioner failed to show that he is entitled for his taxable year 2003 to the child tax credit.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2003 to the additional child tax credit.

To reflect the foregoing,

Decision will be entered for respondent.